# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALLAS SAFARI CLUB, et. al, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 19-cv-3696 APM |
| DEBRA HAALAND, et. al, | ) |
| *Defendants*. | ) |

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs the Dallas Safari Club, the Namibian Ministry of Environment and Tourism, the Namibian Association of Community Based Natural Resource Management Support Organisations, Milton Karl Evans, Steve Reeves, Anthony Rogers, Atlas Cheek III, Daniel Crippen, David Crippen, Bryan Ottmers, Joe Easter, John Weaver III, Arlene Hanson, Ernest J. Lindo Jr., Mark Pirkle, and Mark Sausbury and Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior; Martha Williams, in her official capacity as Principal Deputy Director of the U.S. Fish and Wildlife Service; and the U.S. Fish and Wildlife Service, who, by and through their undersigned counsel, state as follows:

WHEREAS, the African elephant (*Loxodonta africana*) is listed as a threatened species under the Endangered Species Act ("ESA"). 43 Fed. Reg. 20,499 (May 12, 1978); 50 C.F.R. § 17.11(h);

WHEREAS, the U.S. Fish and Wildlife Service ("FWS") has promulgated a rule that prohibits the import of African elephants and further provides an exception that sport-hunted African elephant trophies may be imported into the United States if FWS finds that certain

1

regulatory criteria are met and issues a threatened species permit under 50 C.F.R. § 17.32(a). *See* 50 C.F.R. § 17.40(e)(6);

WHEREAS, the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), 27 U.S.T. 1087; T.I.A.S. No. 8249, Mar. 3, 1973, which has been implemented domestically through the ESA, *see* 16 U.S.C. §§ 1537a, 1538(c)(1); 50 C.F.R. part 23, regulates the international trade of species listed in the CITES appendices;

WHEREAS, sport-hunted African elephant trophies obtained from countries listed in Appendix I of CITES may be imported into the United States if, among other requirements, FWS issues an import permit;

WHEREAS, on December 11, 2019, Plaintiffs filed this lawsuit, s*ee* Complaint, ECF No. 1, alleging that Defendants had implemented a "hold" since November 2017 barring FWS from processing applications to import sport-hunted African elephant trophies (hereinafter "Elephant Applications");

WHEREAS, Plaintiffs' Complaint raised three claims:

(1) Defendants violated 50 C.F.R. § 13.11(c) by not processing Elephant Applications as quickly as possible;

(2) Defendants' "hold" on processing Elephant Applications was an agency rule that did not comply with the Administrative Procedure Act's ("APA") rulemaking procedures, 5 U.S.C. § 553(b); and

(3) Defendants unlawfully withheld and unreasonably delayed the processing of Elephant Applications in violation of the APA, 5 U.S.C. §§ 558(c) and 706(1);

WHEREAS, as of the date of this Agreement, the Department of the Interior and FWS do not have a "hold" in place regarding permits to import sport-hunted African elephant trophies and FWS is working on processing Elephant Applications;

WHEREAS, with regard to complete Elephant Applications that were pending as of the date the Complaint was filed, December 11, 2019, but not specifically addressed in paragraph 1 below, FWS intends to process such applications in accordance with all applicable laws and regulations and anticipates based on current staffing and resource limitations that it will be able to process such applications within 24 months of the date of this agreement;

WHEREAS, FWS also intends to process complete Elephant Applications received after December 11, 2019, within a reasonable time in light of staffing and resource limitations and in accordance with all applicable laws and regulations;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS the parties desire to compromise and settle Plaintiffs' claim according to the terms set forth below, and thus agree hereto to the entry of this Stipulated Agreement:

1. FWS will issue decisions on the following pending Elephant Applications, in accordance with all applicable laws and regulations, on the following schedule:

    (a) FWS will issue decisions on the pending applications of named Plaintiffs Arlene P. Hanson, Joe Lane Easter, Anthony Lynn Rogers, Daniel W. Crippen, David G. Crippen, Mark Arnold Saulsbury, Steven Glen Reeves, Bryan F.

    Ottmers, Milton Karl Evans, Ernest John Lindo, and Mark W. Pirkle within twelve months of the date that the Court enters this Agreement;

    (b) FWS will issue decisions on at least eight of the named Plaintiffs' applications listed in subparagraph (a) within six months of the date that the Court enters this Agreement; and

    (c) FWS will issue decisions on all pending Elephant Applications requesting to import African elephant trophies obtained from hunts in Namibia that were received by FWS by December 11, 2019, within fifteen months of the date that the Court enters this Agreement.

  2. FWS will send Plaintiffs' counsel an update on or before January 3, 2022, and no later than every 90 days thereafter, until all of the Elephant Applications listed in paragraph 1 have been processed. The updates will include a summary of FWS's progress in meeting the agreed upon deadlines for processing the Elephant Applications listed in paragraph 1 and the total number of Elephant Applications for which FWS has rendered a decision since the date that this Agreement was entered by the Court, along with the country of origin for the trophies that are the subject of those Elephant Applications.

  3. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for processing an Elephant Application or in any other proceeding regarding FWS's processing of import applications or implementation of the ESA.

  4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this

Agreement, including the deadlines specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet the deadline in paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any decision required herein or as to the substance of any decision. To challenge any decision issued pursuant to paragraph 1, Plaintiffs must file a separate action and comply with all applicable requirements for such suit, including the requirements to exhaust administrative remedies and challenge a final agency action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. Plaintiffs agree to release all claims, demands, rights, and causes of action for attorneys' fees and costs incurred in connection with the above captioned litigation pursuant to the

ESA, 16 U.S.C. § 1540(g), the Equal Access to Justice Act, 28 U.S.C. § 2412, and/or any other statute and/or common law theory, through and including the date of this agreement. Plaintiffs' agreement to so limit its release of their claim for attorneys' fees is expressly limited to this action and does not apply to any other litigation including but not limited to any future litigation regarding sport-hunted trophy import applications.

7. Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the deadlines in paragraph 1, or for any other unforeseen continuation of this action. Defendants reserve the right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates and the number of hours billed, in any future litigation. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

8. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this

Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in paragraphs 1-13 listing the terms of this written Agreement, whether written or oral, are of no further legal or equitable force or effect. The parties agree that the "whereas" clauses of this Agreement are not legally binding or enforceable in a court of law.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

13. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 31st day of August, 2021.

/s/ *George L. Lyon, Jr.*
George L. Lyon, Jr. (DC Bar 388678)
Bergstrom Attorneys
1929 Biltmore Street NW
Washington, DC 20009
202-669-0442
Fax 202-483-9267
gll@bergstromattorneys.com

*Counsel for Plaintiffs*


TODD KIM,
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
Wildlife & Marine Resources Section
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN, Trial Attorney
(D.C. Bar No. 1022195)
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Tel: 202-305-0201/ Fax: 202-305-0275
Email: Devon.Flanagan@usdoj.gov

*Attorneys for Federal Defendants*